UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HERMAN PIERRE (#127202)

VERSUS                                        CIVIL ACTION

N. BURL CAIN, ET AL                           NUMBER 13-263-BAJ-SCR


## NOTICE

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 4, 2014.


                         STEPHEN C. RIEDLINGER
                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERMAN PIERRE (#127202)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-263-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Herman Pierre.

For the reasons which follow, the petition should be denied.

**I. Background**

Petitioner was found guilty of one count simple burglary in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on May 30, 2007. Petitioner was adjudicated a third felony habitual offender and was sentenced to life imprisonment without parole, probation or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error.

1.  The trial court erred in denying the defendant's motion to suppress his statements after an illegal custodial arrest.

2.  The trial court erred in adjudicating the defendant a habitual offender in violation of LSA-R.S. 15:529.1.

The Louisiana First Circuit Court of Appeal affirmed the

petitioner's conviction, habitual offender adjudication and sentence. *State of Louisiana v. Herman Pierre,* 2008-1668 (La. App. 1st Cir. 2/13/09); 5 So.3d 314 (Table).[1] Petitioner sought review by the Louisiana Supreme Court, which denied review on November 25, 2009. *State of Louisiana v. Herman Pierre*, 2009-0633 (La. 11/25/09), 22 So.3d 170.

Petitioner signed an application for post-conviction relief ("PCRA") on May 27, 2010, and it was filed in the trial court on June 2, 2010. Petitioner asserted the following grounds for relief.

1.  He was denied effective assistance of counsel when counsel failed to produce and use the police report to impeach the testimony of state witnesses Chastity Christy and Jacqueline Scott.

2.  He was denied effective assistance of counsel when counsel failed to file a timely pretrial motion to suppress the petitioner's statements to police following the illegal custodial arrest.

3.  He was denied effective assistance of counsel when counsel failed to object to the introduction of hearsay testimony by the State.

4.  He was denied effective assistance of counsel when counsel failed to object to the admission of the untimely police report.

On September 13, 2011, the trial court denied the petitioner's PCRA. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The application was signed on October 12, 2011 and filed on October 14, 2011. The Louisiana First Circuit Court

---

[1] Record document number 1-3, Exhibit A.

of Appeal denied review on January 17, 2012. *State of Louisiana v. Herman Pierre*, 2011-1927 (La. App. 1st Cir. 1/17/12).

Petitioner sought review in the Louisiana Supreme Court. The application was signed on February 15, 2012, mailed from the prison on February 20, 2012 and filed on February 24, 2012. The Louisiana Supreme Court denied review on September 12, 2012. *State ex rel. Herman Pierre v. State of Louisiana*, 2012-0445 (La. 9/14/12), 97 So.3d 1012.

Petitioner signed his federal habeas corpus application on January 14, 2013, and it was filed on January 17, 2013.

Petitioner asserted the following six grounds for relief.

Ground One:     His habitual offender adjudication violates due process because the State failed to establish the identity of the petitioner as the person convicted in Iberville Parish case No. 1368-89 as charged in the habitual offender bill of information.

Ground Two:     The trial court erred in denying the motion to suppress the petitioner's statement to police after an illegal custodial arrest.

Ground Three:     He was denied effective assistance of counsel when counsel failed to file a timely pretrial motion to suppress the petitioner's statements to police after the illegal custodial arrest.

Ground Four:     He was denied effective assistance of counsel when counsel failed to object to the admission of an untimely police report and prosecutorial misconduct violating the Confrontation Clause and *Brady*.

Ground Five:     He was denied effective assistance of counsel when counsel failed to produce and use the police report to impeach

state witnesses Chastity Christy and
Jacqueline Scott.

Ground Six:     He was denied effective assistance of counsel
when counsel failed to object to inadmissible
hearsay statements.

## II. Applicable Law and Analysis

### A. Timeliness

The respondent argued that the petitioner's federal habeas
corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective
Death Penalty Act, a prisoner in custody pursuant to the judgment
of a state court has a one year period within which to file an
application for a writ of habeas corpus. The limitation period runs
from the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly
filed application for state post-conviction or other collateral
review, with respect to the pertinent judgment or claim, is pending
shall not be counted toward any period of limitation under this
subsection.  A "properly filed application" is one submitted
according to the state's procedural requirements, such as the rules
governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d
146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697,
701 (W.D. Tex. 1998).  A court must look to state law to determine

whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on February 23, 2010.[2]

---

[2] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the

(continued...)

From the date the petitioner's conviction became final on February 23, 2010, until May 27, 2010, the date the petitioner signed his PCRA, 92 days of the limitations period elapsed. From September 13, 2011, the date the trial court entered a written judgment denying the PCRA, until October 12, 2011, the date the petitioner sought review by the Louisiana First Circuit Court of Appeal, the limitations period remained tolled. From January 17, 2012, the date the Louisiana First Circuit Court of Appeal denied review, until February 15, 2012, the date the petitioner sought review in the Louisiana Supreme Court, the limitations period remained tolled.

From September 12, 2012, the date the Louisiana Supreme Court denied review, until January 14, 2013, the date the petitioner signed his federal habeas corpus application, 123 days of the

---

[2](...continued)
defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id*. at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

limitations period elapsed. By the time the petitioner filed his federal habeas corpus application, 215 days of the limitations period had elapsed. Petitioner's federal habeas corpus application was timely filed.

**B. Standard of Review**

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v.*

*Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ____ U.S. ____, ____, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome

the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[3]

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

---

[3] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

**C. Ground One: Habitual Offender Adjudication**

In Ground One the petitioner argued that the State failed to establish that the petitioner was the person convicted in No. 1368-89 in Iberville Parish, as charged in the habitual offender bill of information, in accordance with LSA-R.S. 15:529.1 and therefore violated his due process rights.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

Insofar as the petitioner argued that his federal due process rights were violated during his habitual offender hearing, the claim is technically exhausted but procedurally defaulted. Petitioner did not assert in state court a federal claim in conjunction with his habitual offender adjudication.

Congress provided that the writ of habeas corpus shall not be

granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas corpus applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997),

*cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claim is "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted). Petitioner's technically exhausted claim would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been

held to be a valid procedural bar.  *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it.  Nor has the petitioner made a showing to support a claim of factual innocence.  This court is barred from considering the petitioner's technically exhausted claim.

Even assuming that the petitioner exhausted an habitual offender adjudication claim based on a *federal* Due Process clause violation, the claim is nonetheless without merit.

Petitioner argued that the State failed to establish his identity as the person convicted of one of the predicate offenses listed in the habitual offender bill of information.  Specifically, the petitioner argued that the State offered as proof of his 1989 conviction in Iberville Parish the bill of information and the minutes of the August 17, 1989 hearing which demonstrated that the petitioner was represented by counsel and that he entered a guilty plea.  Petitioner argued that his fingerprints were not placed on the bill of information at the time of sentencing as is required by La.C.Cr.P. art. 871.  Petitioner argued that no other documentation or testimony was offered to establish his identity, and no testimony was offered to explain the discrepancies between the information contained on the card itself and the testimony of the State's expert witness.

Prima facie proof of a prior conviction may be established by compliance with LSA-R.S. 15:529.1(F), but that is not the exclusive method; any competent evidence may be used to establish such proof. *State v. Moten*, 510 So.2d 55, 63 (La. App. 1st Cir. 1987). "Proof of identity can be established through a number of ways, including expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding." *State v. Lomax*, 81 So.3d 788, 791 (La. App. 4th Cir. 2011). *See State v. Payton*, 810 So.2d 1127 (La. 2002) (discussing acceptable forms of proof).

The Louisiana First Circuit Court of Appeal made the following factual findings regarding the sufficiency of the evidence related to the petitioner's habitual offender status.

> Admittedly, the defendant's fingerprints were not placed directly on bill of information number 1368-89, and the bill of information number does not appear on the fingerprint card. However, Ms. Ponthier identified the fingerprint card as a document corresponding with the conviction for bill of information number 1368-89, and the card itself contained identifying information including the defendant's date of birth, height, sex, race, weight, social security number, and DOC number. The same date of birth is included on bill of information number 1368-89, the same date of birth and social security number are included on the bill of information from Grant Parish, and the same DOC number, date of birth, and race appear on the fingerprint card taken in court during the hearing. The subject card identifies the offense, the sentence, and the date the fingerprints were taken. When questioned about the apparent discrepancy in the date of arrest during the hearing, Ms. Ponthier indicated the date of August 17, 1989, was the date of conviction, not the date of arrest.
>
> In light of this evidence and the record as a whole, we conclude the state established beyond a reasonable doubt both the prior felony conviction on August 17, 1989, and that the defendant is the same person convicted

of that felony.

*Pierre,* at 5-7.

Section 529.1 (D)(1)(b) states that "the district attorney shall have the burden of proof beyond a reasonable doubt of any issue of fact." The constitutional sufficiency of the evidence standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), most often applied to test convictions, asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The *Jackson* standard has been applied in at least some habeas challenges to the sufficiency of the evidence in an habitual offender hearing. *Warfield v. Warden*, 2012 WL 3067604 (W.D. La. 2012); *French v. Estelle*, 692 F.2d 1021 (5th Cir. 1982).

Assuming the *Jackson* standard applies to review of the sufficiency of the evidence to support an habitual offender adjudication, the State met the standard in this case.

### D. Ground Two: Search and Seizure

In Ground Two the petitioner argued that his conviction was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures because there was no probable cause to arrest him. Petitioner argued that because he was illegally detained the exclusionary rule should have applied to his post-detention statements.

Fourth Amendment violations are generally not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976). In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id*. at 494, 96 S.Ct. at 3052. The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*.

Petitioner had an opportunity to raise his unlawful search and seizure claim in a motion to suppress evidence, and he did so. Petitioner filed a Motion to Suppress and a hearing on the motion was held on May 30, 2007.[4] Because the petitioner had an opportunity for a full and fair hearing on his claim in the state court, *Stone* forecloses review of the petitioner's Fourth Amendment claim in a federal habeas proceeding.

---

[4] State Court Record, Vol. 2, pp. 230-252.

### E. Grounds Three, Four, Five and Six: Ineffective Assistance of Counsel

In Grounds Three through Six the petitioner argued that he was denied effective assistance of counsel.

Section 2254(d) applies to the petitioner's ineffective assistance of counsel claims because those claims were adjudicated on the merits in state-court proceedings.[5] Section 2254(d) applies even where, as in the petitioner's case, there was a summary denial. *Cullen v. Pinholster*, 131 S.Ct. at 1402. In these circumstances, the petitioner can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Louisiana Supreme Court's decision.

Petitioner did not specifically argue that the state court's determination of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, namely *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance the petitioner must

---

[5] *State of Louisiana v. Herman Pierre*, 2011-1927 (La. App. 1st Cir. 1/17/12); *State ex rel. Herman Pierre v. State of Louisiana*, 2012-0445 (La. 9/14/12), 97 So.3d 1012.

demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; that probability requires a "substantial," not just "conceivable," likelihood of a different result, *Harrington v. Richter*, 562 U.S. 86,____, 131 S.Ct. 770, 792 (2011).

Habeas review of an ineffective assistance of counsel claim is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411 (2009), requiring a "highly deferential" look at counsel's performance, *Strickland, supra*, at 689, 104 S.Ct. at 2065, through § 2254(d)'s "deferential lens," *Mirzayance, supra*, at 121, n. 2, 1419 n. 2.

In Ground Three the petitioner argued that counsel was ineffective when he failed to file a timely pretrial motion to suppress the petitioner's statements to police after the illegal custodial arrest.

Contrary to the petitioner's assertion, counsel did file a Motion to Suppress which was considered and denied by the trial court.[6] There is no reason to believe that if counsel had filed the motion any earlier the outcome of the hearing would have been different. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

In Ground Four the petitioner argued that counsel was ineffective when he failed to object to the admission of a police report which was not produced during discovery. Specifically, the petitioner argued that counsel failed to object to the introduction of a police report which indicated that the petitioner acknowledged that he may have committed the burglary of an automobile in the CVS pharmacy parking lot.

As previously noted, a hearing was held on the petitioner's Motion to Suppress his statement to police.[7] The trial court denied the motion.[8] During that hearing, Det. Canning testified that after the petitioner executed a waiver of rights form he drove the petitioner around the Baton Rouge area to various locations where automobile burglaries had been reported.[9] Det. Canning testified that the petitioner was calm and cooperative but

---

[6] State Court Record, Vol. 2, pp. 229-252.

[7] *Id.*

[8] *Id.* at 251-252.

[9] *Id.* at 236-238.

indicated that his memory was cloudy.[10] Det. Canning testified that the petitioner said he recalled breaking into a Tahoe near the LSU lakes and stated that he thought he might have burglarized a vehicle in the CVS pharmacy parking lot.[11] Det. Canning testified that he subsequently found a report (prepared by another police officer) regarding the CVS pharmacy burglary and contacted a witness regarding that burglary.[12]

When the State called Det. Canning as a witness, petitioner's counsel objected to the introduction of testimony related to the report on grounds that it was not provided to the defense during discovery.[13] Counsel conceded that he was provided a copy of the report at issue following the hearing on the Motion to Suppress.[14] When the trial court questioned counsel regarding the specific nature of his objection, counsel conceded that he received numerous police reports during discovery but did not receive the police report related to the burglary of the Tahoe at the LSU lakes.[15] Counsel advised the court that he specifically objected to any report related to Count Four involving the burglary of the Tahoe at

---

[10] *Id.* at 237-238.

[11] *Id.*

[12] *Id.* at 238.

[13] *Id.* at 267-278.

[14] *Id.* at 268.

[15] *Id.* 268-269.

the LSU lakes.[16]  Counsel further objected to any testimony that the
petitioner specifically said that he burglarized a vehicle in the
CVS pharmacy parking lot.[17]  Counsel conceded that he was provided
discovery that the petitioner made a general statement that he
burglarized several cars in the parking lots of Walgreens, CVS and
Rite-Aid pharmacies located at the corner of Acadian and Government
streets.[18]  The report regarding the CVS pharmacy burglary was later
introduced into evidence without objection.[19]

Counsel was not deficient for failing to object to the
admission of the police report involving the CVS pharmacy burglary
because that report was provided during discovery.

To the extent the petitioner argued that counsel was deficient
for failing to object to the admission of the police report
pertaining to the burglary of the Tahoe at the LSU lakes, which
report was produced following the hearing on the Motion to
Suppress, the claim is without merit.  First, counsel did object to
the introduction of that report.  Second, even if counsel were
somehow deficient, the petitioner cannot prove that he was
prejudiced.  Although the petitioner was charged with six counts of

_____

[16] *Id*.  Petitioner was found not guilty of Count Four of the
indictment.

[17] *Id*. at 269.

[18] *Id*. at 269-270.

[19] *Id*. at 298-304.

burglary, he was only found guilty of Count Five, the burglary in the CVS pharmacy parking lot.

In addition, the petitioner argued that the prosecutor engaged in prosecutorial misconduct when he failed to disclose the police report (regarding the LSU lakes burglary) until trial. Because the petitioner was not convicted of the LSU lakes burglary, and the introduction of that report had no bearing on the petitioner's conviction for the CVS pharmacy burglary, he cannot establish a due process violation.

In Ground Five the petitioner argued that counsel was ineffective when he failed to impeach the testimony of Chastity Christy and Jacqueline Scott based on alleged inconsistencies between the summaries of their statements contained in the initial police report and their testimony at trial.[20] Specifically, the petitioner argued that Christy testified at trial that she made eye contact with the perpetrator, she observed two people in the van, and the perpetrator made a lot of facial expressions, but the initial police report did not contain these details. Petitioner further argued that Scott testified that she saw the petitioner's face when she drove through the CVS pharmacy parking lot, but the initial police report stated that the subject left the scene by the time Scott entered the CVS pharmacy parking lot.

There was only one minor inconsistency between Christy's trial

_____

[20] State Court Record, Vol. 1, pp. 74-76.

testimony[21] and the information contained in the initial police report.[22] The report stated that she "observed the suspect seated inside" the van, whereas she testified the he was "walking into the -- walking to the van, getting -- in on the passenger's side." Scott's trial testimony[23] that she saw the petitioner's face while in the CVS pharmacy parking lot is inconsistent with the initial police report which stated that by the time Scott had turned around the petitioner had already fled the scene.[24]

Even assuming that counsel was deficient for failing to use these bits of inconsistent testimony to impeach Christy and Scott, given the considerable evidence at trial of the petitioner's burglary of Christy's vehicle in the CVS pharmacy parking lot, the petitioner failed to demonstrate the prejudice required to sustain this component of his ineffective assistance of counsel claim.

In Ground Six the petitioner argued that counsel was ineffective when he failed to object to the hearsay testimony elicited from Det. Derek Moore. The gist of the petitioner's argument is that trial counsel failed to make a Confrontation Clause objection to the testimony pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004).

---

[21] State Court Record, Vol. 2, pp. 206-215.

[22] State Court Record, Vol. 1, pp. 74-76.

[23] State Court Record, Vol. 2, pp. 216-227.

[24] State Court Record, Vol. 1, p. 75.

Specifically, the petitioner argued that trial counsel failed to object to an exchange in which Det. Moore testified that officer Anderson contacted him by police radio to advise that an off-duty fireman flagged him down and reported seeing a subject exit a white van and walk around the Audubon Post Office parking lot, carrying a crowbar and looking into vehicles.[25]

The Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. at 53-54, 124 S.Ct. at 1365. While its protections are strong, "[t]he [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59, n. 9, 124 S.Ct. at 1369, n. 9. (citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078 (1985)).

What is or is not hearsay evidence in a state court trial is governed by state law. *Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997). "Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." LSA-C.E.

---

[25] State Court Record, Vol. 2, pp. 254-255.

art. 801(C).

Det. Moore's statement was not testimonial hearsay evidence. Det. Moore's testimony regarding the description of the incident reportedly underway in the Audubon Post Office parking lot was not offered to prove the truth of the matter asserted, but instead, was offered to explain the action taken by Det. Moore and the basis for his action. Because Det. Moore's statement was not testimonial hearsay evidence, trial counsel was not deficient for failing to make a *Crawford* objection.

Even assuming that Det. Moore's statement was testimonial hearsay evidence and trial counsel was deficient for failing to raise a *Crawford* objection, given the considerable evidence at trial of the petitioner's burglary of the vehicle in the CVS pharmacy parking lot, he failed to demonstrate the prejudice required for an ineffective assistance of counsel claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Herman Pierre be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, September 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE